IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FEDERAL TRADE COMMISSION,

       Plaintiff

         v.

ZOILO CRUZ,

       Defendant

CIVIL NO. 08-1877 (JP)

## ORDER FOR DEFAULT JUDGMENT AND FOR PERMANENT INJUNCTION

Before the Court is Plaintiff Federal Trade Commission's (the "FTC" or "Commission") amended motion for default judgment and order for permanent injunction (**No. 14**). The FTC filed the instant action on August 7, 2008, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The FTC alleges that Defendant Zoilo Cruz ("Cruz") has engaged in deceptive acts or practices in connection with the marking and sale of work-at-home envelope stuffing opportunities, in violation of Section 5 of the FTC Act. For the reasons stated herein, the Court hereby **GRANTS** Plaintiff's motion.

The Court hereby **ENTERS** the following findings of law and fact:

1.    The Court has jurisdiction over the subject matter of this case and the parties hereto.

CIVIL NO. 08-1877 (JP)                -2-

2.   Venue in the United States District Court for the District of Puerto Rico is proper under 28 U.S.C. § 1391(b) and (c) and 15 U.S.C. § 53(b).

3.   The activities of Defendant are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.   The Complaint states a claim upon which relief may be granted against Defendant.

5.   On August 12, 2008, the Court issued a summons, which the Plaintiff served on Defendant Cruz, with a copy of the Complaint, on August 16, 2008.  Proof of service was filed on August 18, 2008.

6.   Defendant Cruz has failed to appear, answer, or otherwise plead. Pursuant to Fed. R. Civ. P. 55(a), the Clerk of the Court properly entered Defendant Cruz's default on November 21, 2008.

7.   Pursuant to Puerto Rico Local Rule 55, Defendant Cruz has been properly notified of the Clerk's entry of default against him, and of Plaintiff's motion for a default judgment.

8.   Entry of a default judgment under Federal Rule of Civil Procedure 55(b)(2) against Defendant Cruz is appropriate because he is not an infant or incompetent person, nor is he currently in the military or otherwise exempt from

CIVIL NO. 08-1877 (JP)            -3-

default judgment under the Soldiers' and Sailors' Civil Relief Act of 1940.

9.   Because of Defendant Cruz's default, the allegations in the Complaint filed in this action shall be taken as true.

10.  As to Count I of the Complaint, the Court finds that, in numerous instances, in the course of advertising, offering for sale, and selling a purported work-at-home opportunity, Defendant has represented and continues to represent, expressly or by implication, that:

a.   Consumers are likely to earn a substantial amount of money for stuffing envelopes;

b.   Defendant will pay consumers for each envelope stuffed;

c.   Defendant will provide consumers with all materials they need to earn money from stuffing envelopes; and

d.   After paying a fee, consumers will not incur additional charges before earning money.

11.  The Court finds that the above representations are false and misleading. Consumers who purchase Cruz's work-at-home opportunity are not likely to earn a substantial amount of money for stuffing envelopes. Defendant does not pay consumers for each envelope stuffed. He does not provide them with all materials they need to earn money from stuffing envelopes. And, after

CIVIL NO. 08-1877 (JP)            -4-

       paying a fee, consumers must incur additional charges before they can possibly earn any money.

12.   The Court finds that Defendant's misrepresentations are material to consumers determining whether to purchase his work-at-home opportunity and, therefore, constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

13.   As to Count 2 of the Complaint, the Court finds that in exchange for a fee, Defendant does not provide consumers with envelopes to stuff, but instead furnishes them with a pamphlet that contains instructions on how to perpetuate the envelope stuffing scheme. The pamphlet instructs consumers to advertise a work-at-home opportunity and provides consumers with sample advertisements that contain false and misleading earnings claims. The pamphlet also instructs consumers to place a toll-free telephone number in the advertisement to receive inquiries. The pamphlet provides consumers a script to use in recording a voicemail message. The script falsely states that one can earn money for stuffing envelopes and that the consumer leaving the message has been successful in earning money before he or she has earned any money at all. The pamphlet further instructs consumers to send a copy of the same pamphlet to others who respond to their

CIVIL NO. 08-1877 (JP)              -5-

advertisements and pay a fee.  By furnishing consumers with a pamphlet that contains false and misleading representations, Defendant has provided, and continues to provide, the means and instrumentalities for the commission of deceptive acts and practices.  These practices constitute deceptive acts and practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); see FTC v. Winsted Hosiery Company, 258 U.S. 483, 494 (1922).

14. Defendant Cruz, therefore, is liable under Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), for these deceptive acts and practices.

15. The Court finds that consumers in the United States have suffered or are likely to suffer substantial monetary loss as a result of Defendant's unlawful acts or practices.  In addition, Defendant has been unjustly enriched as a result of his unlawful practices.

16. The Court has the authority, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), to grant injunctive and other ancillary relief, including restitution, the refund of monies paid, and disgorgement of ill-gotten monies, to prevent and remedy any violations of any provision of law enforced by the FTC.

CIVIL NO. 08-1877 (JP)          -6-

17.   The Court finds that, absent a permanent injunction, Cruz will likely violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), in the future.

18.   The Court finds that the equities weigh in favor of granting a permanent injunction, and that such an injunction is in the public interest.

19.   The Court finds that Defendant is liable for equitable monetary relief.

20.   This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

22.   Because there is no just reason for delay, the Court expressly directs entry of this Default Final Judgment and Order.

### **DEFINITIONS**

1.   "Business venture" means any written or oral business arrangement, however denominated, that is covered by the Commission's Franchise Rule, 16 C.F.R. § 436 et seq., or Business Opportunity Rule, 16 C.F.R. § 437 et seq., or that consists of the payment of any consideration for:

      a.   the right or means to offer, sell, or distribute goods or services (whether or not identified by a trademark, service mark, trade name, advertising, or other commercial symbol); and

CIVIL NO. 08-1877 (JP)            -7-

> b.   more than nominal assistance to any person or entity in connection with or incident to the establishment, maintenance, or operation of a new business or the entry by an existing business into a new line of business.

2.   "Defendant" or "Cruz" means Defendant Zoilo Cruz, a/k/a Zoilo Cruz-Carrión, individually or doing business as International Marketing or Universal Wealth.

3.   "Employment opportunity" means any plan, program, product, or service represented to enable a purchaser to earn any consideration through any type of work.

4.   "Investment opportunity" means anything, tangible or intangible, that is offered, offered for sale, sold, or traded based wholly or in part on representations, either express or implied, about past, present, or future income, profit, or appreciation.

5.   "Work-at-home opportunity" means any program, plan, product, or service represented to enable a participant or purchaser thereof to earn any consideration while working at home.

**ORDER**

**I.  PROHIBITED BUSINESS ACTIVITIES**

It is hereby **ORDERED** that Defendant, and his agents, servants, employees, attorneys and all other persons or entities in active

CIVIL NO. 08-1877 (JP)          -8-

concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation or other entity, are hereby restrained and enjoined from:

> A.   Making or assisting others in making, expressly or by implication, orally or in writing, any false or misleading statement in connection with the advertising, marketing, promotion, offering for sale, sale, or distribution of any product or service, including, but not limited to:
>
> > 1.   Misrepresenting that consumers are likely to earn a substantial amount of money;
> >
> > 2.   Misrepresenting that consumers will earn a specified amount of money;
> >
> > 3.   Misrepresenting that Defendant will pay consumers who participate in any employment opportunity or work-at-home opportunity;
> >
> > 4.   Misrepresenting that Defendant will provide consumers with all of the materials they need to earn money;
> >
> > 5.   Misrepresenting that consumers who pay a fee to participate in any employment opportunity or work-at-home opportunity will not incur any further expense in order to earn money;

CIVIL NO. 08-1877 (JP)                -9-

6.   Misrepresenting the amount of earnings, income, sales volume, or profits that a consumer is likely to achieve;

7.   Misrepresenting the amount of earnings, income, sales volume, or profits that consumers have achieved in the past;

8.   Misrepresenting the nature of any business venture offered or sold;

9.   Misrepresenting any fact material to a consumer's decision to purchase a product or service; and

10.  Misrepresenting any aspect of the performance, efficacy, nature, or central characteristics of any product or service.

B.   Providing to others the means and instrumentalities to make, expressly or by implication, orally or in writing, any false or misleading statement in connection with the advertising, marketing, promotion, offering for sale, sale, or distribution of any product or service.

## II.  CUSTOMER LISTS

It is further **ORDERED** that Defendant, and his agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained

CIVIL NO. 08-1877 (JP)          -10-

and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, email address, or other identifying information of any person who paid any money to Defendant, at any time prior to entry of this order, in connection with the marketing and sale of any work-at-home opportunity.  Provided, however, that Defendant may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

### III.  <u>MONETARY RELIEF</u>

It is further **ORDERED** that Defendant is liable for equitable monetary relief in an amount to be determined.

### IV.  <u>EXPEDITED DISCOVERY</u>

It is further **ORDERED** that:

A.  To determine the appropriate amount of equitable monetary relief in this matter, and in lieu of the time periods, notice provisions, and other requirements of Federal Rules of Civil Procedure 26, 30, 33, 34, 36 and 45, the parties are granted leave to conduct discovery at any time after service of this Order.  The parties may depose witnesses upon notice of three (3) business days.  The Commission may require that all responses to subpoenas duces tecum be served within five (5) calendar days of the service of such discovery.  In addition, and in lieu of the time

CIVIL NO. 08-1877 (JP)          -11-

periods, notice provisions, and other requirements of
Rules 26, 30, 33, 34, 36 and 45, the parties shall respond
to interrogatories, requests for production of documents,
or requests for admissions, within five (5) calendar days
after service of the interrogatories or requests.
Deposition transcripts that have not been signed by a
witness may be used at any hearing on equitable monetary
relief;

B.  The limitations and conditions set forth in
Rules 30(a)(2)(B) and 31(a)(2)(B) of the Federal Rules of
Civil Procedure regarding subsequent depositions of an
individual shall not apply to depositions taken pursuant
to this Section.  Any such depositions shall not be
counted toward any limit on the number of depositions
under the Federal Rules of Civil Procedure or the local
rules of procedure for the United States District Court
for the District of Puerto Rico, including those set forth
in Rules 30(a)(2)(A) and 31(a)(2)(A) of the Federal Rules
of Civil Procedure.  Any interrogatories served pursuant
to this Section shall not be counted toward any limit on
the number of interrogatories under the Federal Rules of
Civil Procedure or the local rules of procedure for the
District Court for the District of Puerto Rico, including

CIVIL NO. 08-1877 (JP)          -12-

that limit set forth in Rule 33(a) of the Federal Rules of Civil Procedure; and

C.   Service of discovery, including subpoenas pursuant to this Section, may be accomplished by any of the following means: facsimile transmission, courier service, electronic mail, or by hand.

### V.   FINANCIAL STATEMENTS AND ACCOUNTING

It is further **ORDERED** that, within five (5) business days following the service of this Order, Defendant shall provide counsel for the FTC:

A.   Completed financial statement accurate as of the date of service of this Order upon Defendant on the form attached to this Order as Attachment A;

B.   For all products or services marketed, promoted, offered for sale, distributed, or sold by Defendant, a detailed accounting, verified under oath, of:

1.   All gross revenues obtained from the sale of each such product or service (broken down by month) from inception of sales through the date of the issuance of this Order;

2.   The total amount of each such product or service sold; and

3.   The full names, addresses, and telephone numbers of all purchasers of each such product or service; and

CIVIL NO. 08-1877 (JP)          -13-

    C.    A completed and signed Consent To Release Financial Records form, Attachment B, permitting Defendant's banks and financial institutions to make records available to Plaintiff upon request.  The release shall be returned to Plaintiff within three (3) business days after service of this Order.

## VI.  **WITHHELD MAIL**

It is further **ORDERED** that:

    A.    Within ten (10) days after the date of entry of this Order, Defendant shall direct all Commercial Mail Receiving Agencies ("CMRAs") where he has maintained an account relating to the subject matter of this Order, including P.O. Box 43001, Dept. 486, Río Grande PR 00745-6600; P.O. Box 70011, Fajardo PR 00738; P.O. Box 2433, Canóvanas PR 00729-2433; to:

        1.   Close such account(s);

        2.   Mark any mail that is addressed to him or to any name under which he has done business, "Return to Sender" or a similar designation;

        3.   Return the mail to the sender; and

    B.    Within ten (10) days after the date of entry of this Order, Defendant shall provide to the FTC the names, if any, of the CMRAs instructed under subsection A of this Section.

CIVIL NO. 08-1877 (JP)          -14-

## VII.   <u>COMPLIANCE MONITORING</u>

It is further **ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A.   Within ten (10) days of receipt of written notice from a representative of the Commission, Defendant shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in each Defendant's possession or direct or indirect control to inspect the business operation;

B.   In addition, the Commission is authorized to use all other lawful means, including but not limited to:

1.   obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

2.   posing as consumers and suppliers to Defendant, his employees, or any other entity managed or controlled in whole or in part by Defendant, without the necessity of identification or prior notice; and

C.   Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any

CIVIL NO. 08-1877 (JP)            -15-

conduct subject to this Order. The person interviewed may have counsel present.  Provided however, that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

### VIII.   COMPLIANCE REPORTING

It is further **ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.   For a period of five (5) years from the date of entry of this Order,

1.   Defendant shall notify the Commission of the following:

a.   Any changes in Defendant's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

b.   Any changes in Defendant's employment status (including self-employment), and any change in Defendant's ownership in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address

CIVIL NO. 08-1877 (JP)          -16-

> of each business that Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of Defendant's duties and responsibilities in connection with the business or employment; and

    c.   Any changes in Defendant's name or use of any aliases or fictitious names;

2.   Defendant shall notify the Commission of any changes in structure of any business entity that Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, provided that, with respect to any proposed change in the business entity about which Defendant learns less than thirty (30) days prior to the date such action is to take place, Defendant shall notify

CIVIL NO. 08-1877 (JP)          -17-

the Commission as soon as is practicable after obtaining
such knowledge.

B.   One hundred eighty (180) days after the date of entry of
this Order and annually thereafter for a period of five
(5) years, Defendant shall provide a written report to the
FTC, which is true and accurate and sworn to under penalty
of perjury, setting forth in detail the manner and form in
which he has complied and is complying with this Order.
This report shall include, but not be limited to:

1.   Defendant's then-current residence address, mailing
addresses, and telephone numbers;

2.   Defendant's then-current employment status (including
self-employment), including the name, addresses, and
telephone numbers of each business that Defendant is
affiliated with, employed by, or performs services
for; a detailed description of the nature of the
business; and a detailed description of Defendant's
duties and responsibilities in connection with the
business or employment;

3.   A copy of each acknowledgment of receipt of this
Order, obtained pursuant to the Section titled
"Distribution of Order;" and

4.   Any other changes required to be reported under
Subsection A of this Section.

CIVIL NO. 08-1877 (JP)          -18-

    C.    Defendant shall notify the Commission of the filing of a bankruptcy petition within fifteen (15) days of filing.

    D.    For the purposes of this Order, Defendant shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission, to the following address:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W., Room NJ-2122
> Washington, DC 20580
> RE: FTC v. Cruz

Provided that, in lieu of overnight courier, Defendant may send such reports or notifications by first-class mail, but only if Defendant contemporaneously sends an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

    E.    For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendant.

## IX.   RECORD KEEPING PROVISIONS

It is further **ORDERED** that, for a period of eight (8) years from the date of entry of this Order, in connection with any business where he is the majority owner or directly or indirectly controls the business and the business engages in, or assists others engaged in, the advertising, marketing, promotion, offering for sale, sale, or

CIVIL NO. 08-1877 (JP)            -19-

distribution of any work-at-home opportunity, employment opportunity, business venture, or investment opportunity, Defendant and his agents, employees, officers, corporations, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

    A.    Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

    B.    Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

    C.    Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

    D.    Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

CIVIL NO. 08-1877 (JP)          -20-

    E.    Copies of all sales scripts, training materials, advertisements, or other marketing materials, including newspaper advertisements and Internet web pages; and

    F.    All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

### X.  DISTRIBUTION OF ORDER

It is further **ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendant shall deliver copies of the Order as directed below:

    A.    For any business that Defendant controls, directly or indirectly, or in which Defendant has a majority ownership interest, Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be

CIVIL NO. 08-1877 (JP)          -21-

within five (5) days of service of this Order upon Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities.  For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.   For any business where Defendant is not a controlling person of a business but otherwise engages in, or assists others engaged in, the advertising, marketing, promotion, offering for sale, sale, or distribution of any work-at-home opportunity, employment opportunity, business venture, or investment opportunity, Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

C.   Defendant must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

### XI.   ACKNOWLEDGMENT OF RECEIPT OF ORDER

It is further **ORDERED** that Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

CIVIL NO. 08-1877 (JP)          -22-

## XII.   <u>RETENTION OF JURISDICTION</u>

It is further **ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of December, 2008.


                 <u>s/Jaime Pieras, Jr.</u>
                    JAIME PIERAS, JR.
               U.S. SENIOR DISTRICT JUDGE