IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>       Plaintiff<br><br>       v.<br><br>ZOILO CRUZ a/k/a ZOILO<br>CRUZ-CARRIÓN d/b/a INTERNATIONAL<br>MARKETING,<br><br>       Defendant | CIVIL NO. 08-1877 (JP) |

**MODIFIED ORDER FOR DEFAULT JUDGMENT**
**AND FOR PERMANENT INJUNCTION**

Before the Court is Plaintiff Federal Trade Commission's (the "FTC" or "Commission") motion to modify the default judgment and permanent injunction (**No. 19**) against Defendant Zoilo Cruz. As explained in the Order entered on this same day, the Court hereby **GRANTS** the motion.

The Court hereby **ENTERS** the following findings of fact and conclusions of law:

1. The Court has jurisdiction over the subject matter of this case and the parties hereto.

2. Venue in the United States District Court for the District of Puerto Rico is proper under 28 U.S.C. § 1391(b) and (c) and 15 U.S.C. § 53(b).

3. The activities of Defendant are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

CIVIL NO. 08-1877 (JP)          -2-

4.  The Court adopts by reference the findings of fact and conclusions of law set forth in the Civil Contempt Order entered on December 12, 2009 (No. 27). In sum, Defendant, despite receiving notice of the Default Judgment on January 3, 2009, violated the clear and unambiguous terms of the parts one, five, six, and eight of the Default Judgment from at least January 2009 until September 2009.

5.  The Court finds that the purpose of the original Default Judgment, to stop Defendant's deceptive practices, has not been achieved, and that Defendant's non compliance with the Default Judgment presents sufficient changed circumstances to warrant entry of this Modified Default Judgment pursuant to Federal Rule of Civil Procedure 60(b). The Court finds that banning Defendant from advertising, marketing, promoting, offering for sale, or selling any business venture, employment opportunity, investment opportunity, or work-at-home opportunity is necessary to protect consumers.

6.  The Court finds that, absent a permanent injunction, Cruz will likely violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), in the future.

7.  The Court finds that the equities weigh in favor of granting a permanent injunction, and that such an injunction is in the public interest.

CIVIL NO. 08-1877 (JP)          -3-

8. This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

9. Because there is no just reason for delay, the Court expressly directs entry of this Default Final Judgment and Order.

## **DEFINITIONS**

1. "Business venture" means any written or oral business arrangement, however denominated, that is covered by the Commission's Franchise Rule, 16 C.F.R. § 436 et seq., or Business Opportunity Rule, 16 C.F.R. § 437 et seq., or that consists of the payment of any consideration for:
   a. the right or means to offer, sell, or distribute goods or services (whether or not identified by a trademark, service mark, trade name, advertising, or other commercial symbol); and
   b. more than nominal assistance to any person or entity in connection with or incident to the establishment, maintenance, or operation of a new business or the entry by an existing business into a new line of business.

2. "Defendant" or "Cruz" means Defendant Zoilo Cruz, a/k/a Zoilo Cruz-Carrión, individually or doing business as International Marketing or Universal Wealth.

CIVIL NO. 08-1877 (JP)        -4-

3. "Employment opportunity" means any plan, program, product, or service represented to enable a purchaser to earn any consideration through any type of work.

4. "Investment opportunity" means anything, tangible or intangible, that is offered, offered for sale, sold, or traded based wholly or in part on representations, either express or implied, about past, present, or future income, profit, or appreciation.

5. "Work-at-home opportunity" means any program, plan, product, or service represented to enable a participant or purchaser thereof to earn any consideration while working at home.

**ORDER**

**I.   MODIFICATION OF DEFAULT JUDGMENT**

It is hereby **ORDERED** that this Order shall supersede and replace the Default Judgment entered on December 18, 2008.

**II.  PERMANENT BAN**

It is hereby **ORDERED** that Defendant is permanently restrained and enjoined from engaging, participating, or assisting in any manner or in any capacity whatsoever, whether directly or indirectly, in concert with others, or through any intermediary, third party, business entity, person or device, in the marketing, advertising, promotion, offering for sale, or sale of any business venture,

CIVIL NO. 08-1877 (JP)           -5-

employment opportunity, investment opportunity, or work-at-home opportunity. Nothing in this Modified Order shall be read as an exception to this paragraph.

### III. **OTHER PROHIBITED BUSINESS ACTIVITIES**

It is hereby **ORDERED** that Defendant, and his agents, servants, employees, attorneys and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation or other entity, are hereby restrained and enjoined from:

A. Making or assisting others in making, expressly or by implication, orally or in writing, any false or misleading statement in connection with the advertising, marketing, promotion, offering for sale, sale, or distribution of any product or service, including, but not limited to:

1. Misrepresenting any fact material to a consumer's decision to purchase a product or service; and

2. Misrepresenting any aspect of the performance, efficacy, nature, or central characteristics of any product or service;

B. Providing to others the means and instrumentalities to make, expressly or by implication, orally or in writing, any false or misleading statement in connection with the

CIVIL NO. 08-1877 (JP)          -6-

        advertising, marketing, promotion, offering for sale, sale, or distribution of any product or service.

## IV. CUSTOMER LISTS

It is further **ORDERED** that Defendant, and his agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from:

    A.    disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which Defendant obtained prior to entry of this Order in connection with the sale of any business venture, employment opportunity, investment opportunity, or work-at-home opportunity; and

    B.    failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any

CIVIL NO. 08-1877 (JP)           -7-

>    electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## V.   **FINANCIAL STATEMENTS AND ACCOUNTING**

It is further **ORDERED** that, within five (5) business days following the service of this Order, Defendant shall provide counsel for the FTC:

> A.   Completed financial statement accurate as of the date of service of this Order upon Defendant on the form attached to this Order as Attachment A;
>
> B.   For all products or services marketed, promoted, offered for sale, distributed, or sold by Defendant, a detailed accounting, verified under oath, of:
>
>> 1.   All gross revenues obtained from the sale of each such product or service (broken down by month) from inception of sales through the date of the issuance of this Order;
>>
>> 2.   The total amount of each such product or service sold; and
>>
>> 3.   The full names, addresses, and telephone numbers of all purchasers of each such product or service; and

CIVIL NO. 08-1877 (JP)            -8-

    C.    A completed and signed Consent To Release Financial Records form, Attachment B, permitting Defendant's banks and financial institutions to make records available to Plaintiff upon request.  The release shall be returned to Plaintiff within three (3) business days after service of this Order.

## VI. **WITHHELD MAIL**

It is further **ORDERED** that:

    A.    Within ten (10) days after the date of entry of this Order, Defendant shall direct all Commercial Mail Receiving Agencies ("CMRAs") where he has maintained an account relating to the subject matter of this Order, including P.O. Box 43001, Dept. 486, Río Grande PR 00745-6600; P.O. Box 70011, Fajardo PR 00738; and P.O. Box 2433, Canóvanas PR 00729-2433; to:

        1.    Close such account(s);

        2.    Mark any mail that is addressed to him or to any name under which he has done business, "Return to Sender" or a similar designation;

        3.    Return the mail to the sender; and

    B.    Within ten (10) days after the date of entry of this Order, Defendant shall provide to the FTC the names, if any, of the CMRAs instructed under subsection A of this Section.

CIVIL NO. 08-1877 (JP)          -9-

## VII. COMPLIANCE MONITORING

It is further **ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

  A.  Within ten (10) days of receipt of written notice from a representative of the Commission, Defendant shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in Defendant's possession or direct or indirect control to inspect the business operation;

  B.  In addition, the Commission is authorized to use all other lawful means, including but not limited to:
    1.  obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;
    2.  posing as consumers and suppliers to Defendant, his employees, or any other entity managed or controlled in whole or in part by Defendant, without the necessity of identification or prior notice; and

  C.  Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any

CIVIL NO. 08-1877 (JP)          -10-

>           conduct subject to this Order. The person interviewed may
>           have counsel present.  Provided however, that nothing in
>           this Order shall limit the Commission's lawful use of
>           compulsory process, pursuant to Sections 9 and 20 of the
>           FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary
>           material, tangible things, testimony, or information
>           relevant to unfair or deceptive acts or practices in or
>           affecting commerce (within the meaning of 15 U.S.C.
>           § 45(a)(1)).

## VIII.   COMPLIANCE REPORTING

It is further **ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

>   A.  For a period of five (5) years from the date of entry of
>       this Order,
>       1.  Defendant shall notify the Commission of the
>           following:
>           a.  Any changes in Defendant's residence, mailing
>               addresses, and telephone numbers, within ten
>               (10) days of the date of such change;
>           b.  Any changes in Defendant's employment status
>               (including self-employment), and any change in
>               Defendant's ownership in any business entity,
>               within ten (10) days of the date of such change.
>               Such notice shall include the name and address

        of each business that Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of Defendant's duties and responsibilities in connection with the business or employment; and

    c.  Any changes in Defendant's name or use of any aliases or fictitious names;

2.  Defendant shall notify the Commission of any changes in structure of any business entity that Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, provided that, with respect to any proposed change in the business entity about which Defendant learns less than thirty (30) days prior to the date such action is to take place,

CIVIL NO. 08-1877 (JP)        -12-

>     Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.
> B.  One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of five (5) years, Defendant shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which he has complied and is complying with this Order. This report shall include, but not be limited to:
>     1.  Defendant's then-current residence address, mailing addresses, and telephone numbers;
>     2.  Defendant's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of Defendant's duties and responsibilities in connection with the business or employment;
>     3.  A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;" and
>     4.  Any other changes required to be reported under Subsection A of this Section.

CIVIL NO. 08-1877 (JP)          -13-

    C.    Defendant shall notify the Commission of the filing of a bankruptcy petition within fifteen (15) days of filing.

    D.    For the purposes of this Order, Defendant shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission, to the following address:

>  Associate Director for Enforcement
>  Federal Trade Commission
>  600 Pennsylvania Avenue, N.W., Room NJ-2122
>  Washington, DC 20580
>  RE: FTC v. Cruz

Provided that, in lieu of overnight courier, Defendant may send such reports or notifications by first-class mail, but only if Defendant contemporaneously sends an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

    E.    For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendant.

**IX.**   **RECORD KEEPING PROVISIONS**

It is further **ORDERED** that, for a period of eight (8) years from the date of entry of this Order, in connection with any business where he is the majority owner or directly or indirectly controls the business and the business engages in, or assists others engaged in, the advertising, marketing, promotion, offering for sale, sale, or

CIVIL NO. 08-1877 (JP)          -14-

distribution of any work-at-home opportunity, employment opportunity, business venture, or investment opportunity, Defendant and his agents, employees, officers, corporations, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

    A.    Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

    B.    Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

    C.    Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

    D.    Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

CIVIL NO. 08-1877 (JP)          -15-

> E.  Copies of all sales scripts, training materials, advertisements, or other marketing materials, including newspaper advertisements and Internet web pages; and
>
> F.  All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

**X.  DISTRIBUTION OF ORDER**

It is further **ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendant shall deliver copies of the Order as directed below:

> A.  For any business that Defendant controls, directly or indirectly, or in which Defendant has a majority ownership interest, Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be

CIVIL NO. 08-1877 (JP)          -16-

        within five (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

  B.    For any business where Defendant is not a controlling person of a business but otherwise engages in, or assists others engaged in, the advertising, marketing, promotion, offering for sale, sale, or distribution of any work-at-home opportunity, employment opportunity, business venture, or investment opportunity, Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

  C.    Defendant must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## XI. ACKNOWLEDGMENT OF RECEIPT OF ORDER

It is further **ORDERED** that Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

CIVIL NO. 08-1877 (JP)            -17-

## XII. <u>RETENTION OF JURISDICTION</u>

It is further **ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of January, 2010.

                                                s/Jaime Pieras, Jr.
                                                  JAIME PIERAS, JR.
                                    U.S. SENIOR DISTRICT JUDGE